# SOPHIA REGINA GOETZ, PLAINTIFF, *v.* EDWARD H. BALLOU, DEFENDANT.

*Will — construction — a life estate, followed by a devise to " the heirs and assigns " of the life tenant, gives a power of appointment.*

The will of Louis Goetz, by its residuary clause, gave to his wife a life estate in his property, and thereafter devised it to his three daughters and their heirs and assigns forever. By a preceding clause he devised to a daughter certain real estate, " to be used and enjoyed by her during the term of her natural life;" and from and immediately after her decease, the testator gave and devised the " same to her heirs and assigns forever."

In an action brought to obtain a construction of this latter clause it was

*Held,* that the use of the word "assigns" amounted to a grant of a power to the daughter to dispose of the remainder.

That the expression " to her heirs and assigns forever" constituted an absolute gift to her, notwithstanding the preceding words, which apparently gave her only a life estate.

SUBMISSION of a controversy without action, under section 1279 of the Code of Civil Procedure, between Sophia Regina Goetz, as plaintiff, and Edward H. Ballou, as defendant.

*George Clinton* and *James Gerard Smith,* for the plaintiff.

*De Voe P. Hodson,* for the defendant.

MACOMBER, J.:

This controversy arises over the will of Louis Goetz, which bears date the 22d day of April, 1871, and which was admitted to probate on the 4th day of September, 1872, and duly recorded.

The portion of the will, the construction of which is sought by this submission, is contained in the third section thereof, and is as follows:

"Sec. 3. I give and devise to my daughter Sophia Regina lot number 188 containing ten acres, also lots number 189 and 197 and 202, containing together $70\frac{99}{100}$ acres, Also, westerly half of lot number 205, containing $16\frac{10}{100}$ acres, all of these lots are of the Ebenezer lands in the Town of West Seneca, to be used and enjoyed by her during the term of her natural life and from and immediately after her decease, I give and devise the same to her heirs and assigns forever."

On September 10, 1891, the plaintiff, who is unmarried and under the usual vows of nuns of the Catholic church, entered into a written contract with the defendant, whereby she agreed to convey, by good and sufficient deed, a part of the premises mentioned in this, the third subdivision of the will. She is now shown to be ready to complete her part of the agreement and has tendered a proper conveyance of the lands. The defendant is equally desirous of completing the contract on his part, provided the conveyance which he is entitled to under the agreement would give him an unimpeachable title; but he claims that the plaintiff's interest in the lands is limited under this section of the will, and that she has no interest therein beyond a life estate, and, consequently, he denies her power to convey any title thereto beyond her life interest, and that, consequently, he is not obliged to fulfill his part of the agreement.

The question is whether or not the testator intended by his will to give to the plaintiff the fee, or, at least, the power of disposing of the fee, or only a life estate in the lands described in the third provision of the will. In our judgment, much aid is afforded by an inspection of other portions of the will in arriving at a safe conclusion upon this question, which is to be reached by ascertaining the intention of the testator as disclosed by his will. By the first section of the will other lands situated in the same town were given by the testator to his daughter Agnes, now Mrs. Krell, "to be used and enjoyed by her, during the term of her natural life and from and immediately after her decease, I give the same to her heirs or their assigns forever." By the second section the testator devised to his daughter Louise other lands in the same township, "to be used and enjoyed by her during the term of her natural life, and from and immediately after her decease, I give and devise the same to her heirs and assigns forever."

The residuary clause of the will gave a life estate to the wife, "to be used and enjoyed by her during her natural life and from and immediately after her decease, I give and devise the same to my above-named three daughters and their heirs and assigns forever, to be divided equally between them, share and share alike."

It will be observed that the provision of this will, in respect to the plaintiff, was the same as it was in respect to the testator's daughter Louise, while in the devise by him to his daughter Agnes

the gift was not "to her heirs and assigns," but to "her heirs or *their* assigns."

It seems to us that the use of the word "assigns," in the devise to the plaintiff, amounts to a grant of a power to dispose of the remainder. The expression "to her heirs and assigns forever" must be construed as an absolute gift to her, notwithstanding the apparent words of limitation, as to life, contained in the preceding part of this section of the will. (*Campbell* v. *Beaumont*, 91 N. Y., 465.)

Judgment should be for the plaintiff.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment ordered for the plaintiff on the submission.